# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CASE NO. 5:26-cv-00077-MR

| | | |
|---|---|---|
| TROSHAWN N. WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | MEMORANDUM OF |
| vs. | ) | DECISION AND ORDER |
| | ) | |
| LESLIE COOLEY DISMUKES, | ) | |
| Secretary, North Carolina | ) | |
| Department of Adult Correction, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court upon further review of the pro se

Petition for Writ of Habeas Corpus filed by Troshawn N. Williams (herein

"Petitioner") pursuant to 28 U.S.C. § 2254 on March 30, 2026. [Doc. 1]. Also

before the Court is the Petitioner's Motion to Proceed In Forma Pauperis.

[Doc. 6].

## I.    BACKGROUND

The Petitioner is a prisoner of the State of North Carolina. [Doc. 1 at

1]. The Petitioner was convicted by Alford[1] plea entered June 7, 2018, in

Iredell County Superior Court on charges of Second-Degree Murder and

Being a Felon in Possession of a Firearm.   [Id.]; State v. Williams, No.

---

[1] North Carolina v. Alford, 400 U.S. 25 (1970).

COA18-1130, slip op. at 2 (N.C. App. 2020) (unpublished). According to the North Carolina Department of Adult Correction Database,[2] the Petitioner's convictions were consolidated into one judgment, and he was sentenced to a term of 325 to 402 months active imprisonment. The Petitioner filed a direct appeal with the North Carolina Court of Appeals raising as his sole issue the trial court's alleged error in considering, as a sentencing aggravating factor, the Petitioner's willful violation of the conditions of his probation. The appellate court affirmed the trial court in an unpublished opinion dated January 7, 2020. Williams, No. COA18-1130, supra. The Petitioner sought further direct review in the North Carolina Supreme Court which denied him discretionary review on December 15, 2020. State v. Williams, No. 45P20-1 (N.C. Dec. 15, 2020).

The Petitioner states he did not seek direct review thereafter in the U.S. Supreme Court [Doc. 1 at 2], nor did he institute any collateral post-conviction litigation in state court to otherwise challenge his Iredell County judgment. [Id. at 3]. The Petitioner filed his § 2254 Petition for Writ of Habeas Corpus in this Court March 30, 2026. [Doc. 1].

---

[2] See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=1280044&searchOffenderId=1280044&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (herein "NCDAC Database"); Fed. R. Evid. 201.

2

In his § 2254 petition, the Petitioner raises four Grounds for relief. In Ground One, the Petitioner asserts he has been convicted under a false name: "I AM Doing time under a False Name. Warrant for Arrest shouldn't been Issued." [Doc. 1 at 5 (errors uncorrected)]. In Ground Two, the Petitioner contends his Alford plea is infirm: "Grounds to Attack plea. The are Grounds to Attack my plea." [Id. at 6 (errors uncorrected)]. In Ground Three, the Petitioner asserts that he is no longer a dangerous person and should be released: "Age-crime curve. I was 20 years old when I commited that crime: Studies have shown that as Individuals age, their propensity to commit crime Decreases and, in ParticulaR, that elderly individuals Released From prison tend to recidivate at extremely low Rates." [Id. at 8 (errors uncorrected)]. Finally, in Ground Four the Petitioner asserts a belief that his trial counsel was ineffective: "Poor Counsel/Indigent Defence Services. I feel like my Attorney Kenneth B. Daty in my case Didn't represent me in the Best of his knolage. I know For a Fact he sold me an other offenders out." [Id. at 10 (errors uncorrected)].

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition

must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitation period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

The North Carolina Court of Appeals affirmed the Petitioner's judgment of conviction on January 7, 2020, and the North Carolina Supreme denied discretionary review on December 15, 2020. After a state's highest appellate court issues its decision in the direct appeal of a criminal case, a defendant who timely files a petition for writ of certiorari with the United States Supreme Court thereby tolls the habeas statute of limitations while such petition is pending. If no petition for a writ of certiorari is filed in the United States Supreme Court on direct review, the one-year limitation period for filing a

4

habeas corpus petition begins running when the time for doing so has elapsed, normally 90 days pursuant to Supreme Court Rule 13.

In this case, however, Petitioner was afforded a total of 150 days to file his certiorari petition due to a temporary rule issued by the Supreme Court in response to the then-ongoing COVID-19 pandemic. See Miscellaneous Order of July 19, 2021, 594 U.S. ---- (July 19, 2021), https://www.supreme court.gov/orders/courtorders/071921zr_4g15.pdf (in any case in which the relevant lower court judgment, order denying discretionary review, or order denying a timely petition for rehearing was issued prior to July 19, 2021, the deadline to file a petition for a writ of certiorari remains extended to 150 days from the date of that judgment or order).

Since Petitioner did not seek Supreme Court review, his judgment thus became final on Friday, May 14, 2021, one hundred fifty days following the issuance of the North Carolina Supreme Court's decision denying discretionary review. Clay v. United States, 537 U.S. 522, 527 (2003). The AEDPA's one-year statute of limitations then began running for 365 days on May 14, 2021, until it expired the following year on Monday, May 16, 2022. While a properly filed Motion for Appropriate Relief will toll the running of the limitation period, 28 U.S.C. § 2244(d)(2), Petitioner did not file any such motion. The Petitioner's § 2254 petition filed in this Court March 30, 2026,

nearly four years past the deadline, was well beyond the statute of limitations. In response to Question 18 of his petition, regarding how he has complied with the applicable AEDAP limitation period, the Petitioner stated the following:

> Like I said in 2020 I about lost my life under the DOPS/Prison. They keep placing me on RHCP trying to cover up they mistake so I can't reach out to my family and NCDPS is just now giving us access to law library.

[Doc. 1 at 13 (errors uncorrected)]. Due to the lack of factual detail in the Petitioner's answer to Question 18, the Court entered an Order April 6, 2026, granting him 21 days in which to explain why this matter should not be dismissed as untimely, including any reasons why statutory or equitable tolling should apply. [Doc.5]. Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

The Petitioner filed his Response to the Court's Order on April 27, 2026. [Doc. 8]. The Petitioner's Response in full states as follows:

> This is the only Document I have explaining why my petition for writ of Habeas corpus should not be dismissed. On 3/15/2020 I was rushed into an Emergency Surgery on my Abdomen. I wrote medical staff trying to get my medical records, they said I can't get my Records until I Am released from the Department of Adult Corrections. He is a copy of the Disciplinary Report and A Request Form from medical staff. Thanks.

[Doc. 8 at 1 (errors uncorrected)]. Attached to the Petitioner's Response as "the only Document" he possesses to explain his untimely petition is a copy

of the Bertie Correctional Institution's "Offense and Disciplinary Report" regarding a physical altercation between the Petitioner and a fellow inmate, one Corey Whoie. The Offense and Disciplinary Report states that on March 15, 2020, inside the prison's dorm, fighting broke out between the two men and "Offender Williams appeared to have a weapon in his hand swinging it at Offender Whoie." [Doc. 8-1 at 1]. While the report does not address whether the Petitioner sustained any injuries from this altercation, the NCDAC Database indicates that the Petitioner was charged on March 15, 2020, with a disciplinary infraction for "Fight W/Weapon Or Req.Out.Med." [NCDAC Database, Infractions tab]. Piecing all this information together, it appears the Petitioner is arguing that his § 2254 petition should not be dismissed as untimely because the "Emergency Surgery on [his] Abdomen" resulting from the fight that occurred on March 15, 2020, would be an extraordinary circumstance sufficient to equitably toll the running of the limitation period.

Equitable tolling of the statute of limitations for an untimely § 2254 petition may apply where the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing.  Holland v. Florida, 560 U.S. 631, 649 (2010); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  It is appropriate

7

in those "rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Considering all the information the Petitioner has provided, he cannot satisfy either equitable tolling factor. The Court will begin with the second factor.

The Court takes the Petitioner's statements in the light most favorable to him that in 2020 "I about lost my life" [Doc. 1 at 13] and on March 15, 2020, "I was rushed into an Emergency Surgery on my Abdomen" [Doc. 8 at 1]. This event, however, predated by fourteen months the commencement of the Petitioner's AEDPA one-year limitation period, which started May 14, 2021. Since the Petitioner's medical event occurred long before the limitation period even began, it cannot qualify as an "extraordinary circumstance" that, in the ensuing two years, somehow prevented the Petitioner from timely filing his § 2254 petition. The Petitioner does not satisfy this equitable tolling factor.

Next, even assuming the Petitioner required some extended period of time to recover from his surgery, he was back in the state's prison population at least as early as June 29, 2021. On that date, according to the NCDAC

Database, he was charged with three new disciplinary infractions, "Assault Staff W/Weapon," "Substance Possession," and "Unauthorized Tobacco Use."[3] [NCDAC Database, Infractions tab]. Being back in prison June 29, 2021, the Petitioner had sufficient time – more than 10 months – to file his § 2254 petition before the limitation period expired on May 16, 2022. The fact that the Petitioner, without any explanation, still waited nearly four years after the limitation period expired to file his § 2254 petition establishes that he was not diligently pursuing his rights. The Petitioner does not satisfy this equitable tolling factor either.

## III.    CONCLUSION

The Petitioner fails to show that he diligently pursued his rights, and he likewise fails to show that a circumstances external to his own conduct was the basis for the late filing of his § 2254 petition. The Petitioner has not established that he is entitled to equitable tolling to excuse the untimeliness of his § 2254 petition. As such, the § 2254 petition shall be dismissed.[4]

---

[3] The NCDAC Database does not indicate whether the Petitioner was found guilty of any of these three infractions, and such determination is irrelevant to the Court's equitable tolling analysis. The Court lists these infractions simply to establish that, whatever injury the Petitioner sustained on March 15, 2020, he recovered to the extent that he was returned to prison prior to June 29, 2021.

[4] Even if the Petitioner could show that it would be unconscionable to enforce the limitation period against him, which he cannot, the Petitioner cannot show gross injustice would result. All four of the Petitioner's asserted Grounds for relief contain unexhausted and

9

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (noting that, in order to satisfy § 2253(c), a prisoner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that, when relief is denied on procedural grounds, a prisoner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

## O R D E R

**IT IS, THEREFORE, ORDERED THAT**:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED**.

2. The Court **DECLINES** to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

3. The Petitioner's Motion to Proceed In Forma Pauperis [Doc. 6] is **DENIED as moot**.

4. The Clerk of Court is respectfully directed to close this case.

---

procedurally defaulted claims, if they are cognizable claims at all. As such, they would be subject to dismissal on that basis even if the Petitioner's action were timely filed.

10

**IT IS SO ORDERED.**

Signed: May 14, 2026

Martin Reidinger
Chief United States District Judge

11